IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSTAFA ARAM AZADPOUR,<br><br>    Plaintiff,<br><br>  v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>    Defendant.                     / | No. C06-03272 MJJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

Before the Court are Defendants Sun Microsystems, Inc. ("Sun"), Matrix Absence Management, Inc. ("Matrix"), Babu Turumella ("Turumella"), and Norman Yeung's ("Yeung") (collectively, "Defendants") Motion to Dismiss.[1] Defendants argue that this action is not the first time that Plaintiff has raised these claims against them. Defendants contend that prior to filing the instant action, Plaintiff had asserted the same and transactionally similar claims against them in another action, *Azadpour v. Sun Microsystems, Inc., et al.*, Case No. C05-4087 MJJ (the "First Action"). Defendants now move to dismiss on grounds that Plaintiff's claims in the current action are barred by the doctrines of res judicata and collateral estoppel. *Pro se* Plaintiff Mostafa Aram Azadpour ("Azadpour") opposes the motion. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

---

[1] Docket No. 39.

# BACKGROUND

## I.  Procedural History

### A.  Procedural History of the First Action

Plaintiff filed the First Action in state court in September 2005. Defendants timely removed the First Action to this Court on October 11, 2005. On January 24, 2006, this Court denied Plaintiff's motion to remand the First Action on the ground that federal question jurisdiction existed because Plaintiff's claims implicated an allegation for denial of long-term benefits under Sun's Comprehensive Welfare Plan (the "Plan"), which is an employee welfare plan within the meaning of ERISA.[2] On March 29, 2006, Plaintiff amended the Complaint, adding additional facts and allegations and moved again to remand the First Action to state court. This Court denied Plaintiff's motion to remand on the grounds that Plaintiff's amendments added federal statutory claims, thereby preserving federal question jurisdiction.[3]

Plaintiff's claims in the First Action were for: (1) breach of contract; (2) "Inequitable Treatment" in violation of the Workforce Investment Act of 1998 ("WIA"); (3) violation of the California Fair Employment and Housing Act ("FEHA"); (4) "conspiracy"; (5) "simple negligence"; (6) "gross negligence"; (7) violation of the Worker Adjustment and Retraining Notification Act ("WARN"); and (8) violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). On September 26, 2006, this Court granted Defendants' motion for summary judgment in the First Action.[4]

### B.  Procedural History of the Current Action

Plaintiff filed the current action in state court on April 17, 2006. On May 17, 2006, Defendants timely removed the current action on the grounds of diversity of citizenship and federal question jurisdiction.[5] On October 2, 2006, Plaintiff filed a First Amended Complaint ("FAC"). In

---

[2] Docket No. 54, Case No. 05-4087 MJJ.

[3] Docket No. 130, Case No. 05-4087 MJJ.

[4] Docket No. 218, Case No. 05-4087 MJJ.

[5] In their Opposition to Plaintiff's Motion to Remand, Defendants contend that they do not now assert diversity as a basis for jurisdiction.

2

the FAC Plaintiff alleges claims for: (1) violation of FEHA for discrimination and disability; (2) defamation; (3) violation of the California WARN Act; (4) breach of contract; (5) "failure to act in a manner in accordance with fiduciary, prudent, and/or reasonable responsibility towards the wellbeing [sic] of the Plaintiff and acting in good faith at all times," (6) fraud; (7) wrongful termination; (8) "reckless indifference for the wellbeing [sic] of the Plaintiff to the point of being 'negligence' in nature." On November 28, 2006, the Court denied Plaintiff's motion to remand the current action on the ground that federal question jurisdiction existed because Plaintiff's claims implicated an allegation for denial of long-term benefits under the Plan, which is an employee welfare plan within the meaning of ERISA.

## II.     Factual Background

### A.     Factual Background of the First Action

In the First Action, Plaintiff alleged that Sun hired Plaintiff in May 2002 to work on the Millennium Project ("the project"). (FAC, First Action, ¶ 1.)  Plaintiff claimed that his manager, Babu Turumella ("Turumella") and his project manager, Norman Yeung ("Yeung") treated him unfairly. (*Id*. at ¶¶ 2-6.) Plaintiff contended that Turumella hired a friend as the technical lead on the project and that Turumella's friend was not competent. (*Id*. at ¶¶ 4-5.) According to Plaintiff, Plaintiff's complaints about Turumella's hiring practice and other complaints about the project went ignored by Defendants. (*Id*. at ¶ 5.) In particular, Plaintiff claimed that Defendants unreasonably pressured him into meeting an unreasonable project-schedule and imposed an excessive workload, which caused him to transfer from a "management ladder" position to an "individual contributor" or face being laid off. (*Id*.) In the original complaint filed in the First Action, Plaintiff also alleged that Turumella made inappropriate sexual gestures towards him. (Complaint ("Compl."), First Action, ¶ 2.) Plaintiff alleged that after going out on leave Matrix stopped his disability payments. (FAC at ¶ 7.) Plaintiff complained that he attempted to bring his concerns about management and about returning to work to Human Resources in October 2003 but that Defendants failed to respond. (*Id*. at ¶¶ 8-9.) Plaintiff alleged that in January 2004 Matrix again stopped his disability benefits, misinformed him about his ability to appeal the benefits termination, and then in march/April 2004 improperly denied his workers' compensation claim. (*Id*. at ¶¶ 11-12.) Plaintiff claimed that while

1 on leave Defendants informed him that the project on which he had been working had been
2 cancelled. (*Id*. at ¶ 10.) Plaintiff contended he was not provided an accommodation to look for
3 another job. (*Id*. at ¶ 10.) Plaintiff also contended that he suffered mental health injuries as a result
4 of Defendants' treatment. (*Id*. at ¶ 6.)

### B.      Factual Background of the Current Action

Currently, Plaintiff alleges that Sun hired Plaintiff in May 2002 to work on the project and that Turumella hired a friend as a technical manager who Plaintiff deemed incompetent. (FAC, Current Action, at ¶¶ 1, 6.) Plaintiff reasserts that his complaints about these issues went unheard, that he was "forced" to change position from the management ladder to an individual contributor's role, under threat of being laid off and that this alleged treatment caused Plaintiff mental health injuries. (*Id*. at ¶¶ 7-8, 13, 16.) Plaintiff realleges that Turumella made inappropriate physical gestures. (*Id*. at 15.) Plaintiff again contends that after going out on leave Matrix stopped his disability payments. (*Id*. at ¶ 17.) Plaintiff again claims that he tried to bring his concerns about returning to work to human resources and that Defendants did not adequately respond. (*Id*. at ¶¶ 18, 21.) Consistent with the First Action, Plaintiff claims that in January 2004 Matrix stopped his disability benefits and misinformed him about his ability to appeal the benefits termination and then in March/April 2004 improperly denied his workers' compensation claim. (FAC ¶¶ 25-26.) Also consistent, is Plaintiff's allegation that while on leave he was informed that the project on which he had been working had been cancelled but that he was not provided an accommodation to look for another job. (*Id*. at ¶ 23.)

According to Defendants, Plaintiff's current allegations arise from the same transactional nucleus of facts as do his allegations in the First Action and that the current claims either were, or could have been raised in the First Action and are therefore barred as a matter of law.[6]

---

[6]Defendants request this Court to take judicial notice of: (1) Plaintiff's Complaint in Case No. C05-4087, filed September 12, 2005; (2) Plaintiff's First Amended Complaint in Case No. C05-4087, filed March 29, 2006; (3) Plaintiff's Complaint in Case No. 06-3272, filed April 12, 2006; and (4) Order Granting Defendants' Motion for Summary Judgment in Case No. C05-4087, filed September 26, 2006. Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Judicially noticed facts "often consist of . . . prior court proceedings . . ." *Del Puerto Water District v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1232 (E.D. Cal. 2003). The Court accordingly takes judicial notice of these documents.

4

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## ANALYSIS

Defendants argue that this case cannot be maintained because it is barred on grounds of res judicata and collateral estoppel. In response, Plaintiff argues that it would inappropriate for the Court to consider his allegations in the First Action because a court may not consider matters outside the pleadings in ruling on a motion to dismiss. For the reasons stated below, the Court finds Plaintiff's argument unconvincing.

A challenge based on res judicata grounds may be properly raised in a motion to dismiss pursuant to Rule 12(b)(6). *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d. Cir. 1994); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privities based on the same cause of action. *See Brown v. Felsen*, 442 U.S. 127 (1979). A person may be precluded from pursuing a claim if a prior party so closely represented his legal interests as to be his virtual representative. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402 (9th Cir. 1993); *Bechtel Petro., Inc. v. Webster*, 636 F. Supp. 486, 498 (N.D. Cal. 1984). Specifically, a federal action may be barred by the doctrine of res

5

1 judicata where an earlier lawsuit: (1) involved the same claim as the present suit; (2) reached a final
2 judgment on the merits[7]; and (3) involved the same parties or their privies. *See Blonder-Tongue*
3 *Laboratories v. Univ. Of Ill. Found.*, 402 U.S. 313, 323-324 (1971). "[R]es judicata bars not only all
4 claims that were actually litigated, but also all claims that 'could have been asserted' in the prior
5 action." *Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare and*
6 *Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing *McClain v. Apodaca*, 793
7 F.2d 1031, 1033 (9th Cir. 1986)). Likewise, "[r] es judicata bars all grounds for recovery that could
8 have been asserted, whether they were or not, in a prior suit between the same parties on the same
9 cause of action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). "One major
10 function of claim preclusion is to force a plaintiff to explore all the facts, develop all the theories,
11 and demand all the remedies in the first suit." 18 Charles Alan Wright, Arthur R. Miller, and
12 Edward H. Cooper, *Federal Practice and Procedure*, § 4408 (2006).

13 The Ninth Circuit considers four factors in determining whether successive claims constitute
14 the same cause of action: (1) whether rights or interests established in the prior judgment would be
15 destroyed or impaired by prosecution of the second action; (2) whether substantially the same
16 evidence is presented in the two actions; (3) whether the two suits involve infringement of the same
17 right; (4) whether the two suits arise out of the same transactional nucleus of facts. *Int'l Union of*
18 *Operating Engineers-Employers*, 994 F.2d at 1429 (citing *Costantini v. Trans World Airlines*, 681
19 F.2d 1199, 1201-02 (9th Cir. 1982)). These factors, however, are "tools of analysis, not
20 requirements." *Id*. at 1430 (citing *Derish v. San Mateo-Burlingame Bd. of Realtors*, 724 F.2d 1347,
21 1349 (9th Cir. 1983)). For example, the Ninth Circuit has previously applied the doctrine of res
22 judicata solely on the ground that the two claims arose out of the same transaction, without reaching
23 the other factors. *See id*. at 1430 (citing *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th
24 Cir. 1987)). Determining whether two events are part of the same transaction is essentially
25 dependent on whether the events are related to the same set of facts and whether the events could
26 conveniently be tried together. *See id*. at 1429 (citing *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871

---

[7] Summary judgment is a final judgment on the merits for purposes of preclusion. *See Kourtis v. Cameron*, 419 F.3d 989, 996 n. 4 (9th Cir. 2005); *Jackson v. Hayakawa*, 605 F.2d 1121, 1125 n. 3 (9th Cir. 1979).

6

(9th Cir. 1992)).

Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (citing *Blonder-Tongue Laboratories, Inc.*, 402 U.S. at 328-329). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995). The rationale underlying the doctrine is that a party who has litigated an issue and lost should be bound by that decision and cannot demand that the issue be decided a second time. *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994).

The Court now turns to Plaintiff's current claims to determine whether they are barred either because the claims were previously litigated in the First Action or because the claims could have been litigated in the First Action.

**I.     Claims that Were Litigated in the First Action**

**A.     FEHA Disability Discrimination**

In the current action, Plaintiff's FEHA disability claim[8] is barred by the doctrine of res judicata because it was litigated in the First Action. Plaintiff's current claim is based on Sun's alleged failure to accommodate and to engage in the interactive process. (FAC, Current Action, ¶ 37(A).) In the First Action, Plaintiff similarly alleged that Sun had violated FEHA by failing to provide reasonable accommodation for his alleged disability of depression and by failing to engage in the interactive process. As Defendants point out, the Court has already determined that Sun did provide reasonable accommodations to Plaintiff and did engage in the interactive process. (*See* Order Granting Defendants' Motion for Summary Judgment, Case No. C05-4087 MJJ, at 10:24-11:6.) Here, the Court finds that Plaintiff's current claims are sufficiently similar, that the Court has already reached a final judgment on the merits of these claims, and that the claims involve the same parties. As a result, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's FEHA

---

[8]Plaintiff's FEHA disability discrimination claim is part of his first claim and is against Sun only.

7

disability claim.

### B. Breach of Contract

Plaintiff's contract claim[9] is barred by the doctrine of res judicata because it was also litigated in the First Action. Plaintiff bases his contract on alleged violations of company policy including its purported practice of termination for cause. (FAC, Current Action, ¶ 37D.) Like the current action, in the First Action, Plaintiff alleged a breach of contract claim against Sun for Sun's alleged breach of company policy as set forth in Sun's Handbook. (FAC, First Action, ¶ 25A.) In granting Defendants' motion for summary judgment in the First Action, the Court found that Plaintiff had failed to offer any evidence of a contract between the parties or evidence to rebut the presumption that Plaintiff was an at-will employee. (Order Granting Defendants' Motion for Summary Judgment, Case No. C05-4087 MJJ, at 7:12-20.) Plaintiff's current contract claim constitutes the same cause of action for res judicata purposes because it involves the substantially the same evidence, the same set of alleged rights, and arises out of the same transactional nucleus of facts. Plaintiff's current contract claim also involves the same parties, and as described above was decided on the merits. As a result, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's contract claim.

### C. Breach of Duty and Reckless Indifference

Plaintiff's current breach of duty and reckless indifference claims[10] were also litigated in the First Action. Plaintiff's current breach of duty claim alleges that all Defendants failed to act as fiduciaries, prudently and reasonably towards him. (FAC, Current Action, ¶ 37E.) Plaintiff's current "reckless indifference claim" against Sun and Matrix alleges that Sun and Matrix were indifferent to "the wellbeing of the Plaintiff to the point of being 'negligence' [sic] in nature." (FAC, Current Action, ¶ 37H.) Defendants contend that these claims are nothing more than an attempt by Plaintiff to "repackage" his negligence claims from the First Action. The Court agrees.

In the First Action, Plaintiff's negligence claims against Sun alleged that Sun failed to enforce its own policies, unreasonably delayed in processing Plaintiff's grievances, and failed to

---

[9] Plaintiff's fourth claim is for breach of contract and is against Sun only.

[10] Plaintiff's fifth claim is for breach of duty and his seventh claim is for "reckless indifference."

8

prevent harassment. (FAC, First Action, ¶¶ 9, 26(5), and (6).) In the current action, Plaintiff's breach of duty claims are based on the same set of operative facts as those alleged in the First Action. Here, Plaintiff alleges that Sun failed to follow its own policies, unreasonably delayed in processing his grievances, and failed to address alleged harassment by Turumella. (FAC, Current Action, ¶¶ 18, 21, and 22.) In granting Defendants' motion for summary judgment in the First Action, the Court found that this alleged conduct fell within the scope of Plaintiff's employment and was therefore preempted by the exclusive provisions of California's Workers' Compensation Act. (Order Granting Defendants' Motion for Summary Judgment, Case No. C05-4087 MJJ, at 11:24-13:2.)

Similarly, in the First Action, Plaintiff alleged "gross negligence" against Matrix on the grounds that Matrix had not considered his interests, had not advised Sun of relevant laws, had not adhered to industry standards, had not informed Sun of his alleged medical restrictions, had stopped Plaintiff's disability benefits, had misinformed Plaintiff concerning the disability benefits appeals process, and unfairly denied Plaintiff's workers' compensation claims. (FAC, First Action, ¶¶ 7, 11, 12.) In the current action, Plaintiff's breach of duty claim against Matrix is similarly based on the allegation that Matrix misled him about the appeals process, mishandled information used in connection with Plaintiff's disability claim, and failed to advise Plaintiff of the procedure for seeking benefits under workers' compensation. (FAC, Current Action, ¶¶ 17, 19, 20, 22, 25-26.)

In the First Action, Plaintiff also asserted negligence claims against Turumella and Yeung. As to Turumella, Plaintiff based his claim on Turumella's alleged management of the project and Turumella's alleged failure to facilitate and Turumella's alleged interference with Plaintiff's access to his "computing account." (FAC, First Action, ¶¶ 28(3) and (4).) In the current action, Plaintiff's allegations against Turumella again focus on Turumella's management of the project and Turumella's alleged interference with Plaintiff's access to his computing account. (FAC, Current Action, ¶ ¶ 4-7, 10-11, 18.) As with Plaintiff's other claims, this Court already determined that Turumella's conduct was not actionable. (Order Granting Defendants' Motion for Summary Judgment, Case No. C05-4087 MJJ, at 12:20-23, 26-13:2.)

As to Yeung, Plaintiff based his claim in the First Action, in part, on his alleged failure to

9

1  ensure that WARN Act notice was given.  (FAC, First Action, ¶¶ 9, 29.)  In the current action,
2  Plaintiff's allegation against Yeung is also based on Yeung's alleged "failure to inform the Plaintiff
3  of MM's closing in accordance with CALI-WARN Act of giving notice to the affected employees."
4  (FAC, Current Action, ¶ 41.)  Again, as with Plaintiff's other claims, this Court has previously
5  determined that Yeung's alleged conduct was not actionable.  (Order Granting Defendants' Motion
6  for Summary Judgment, Case No. C05-4087 MJJ, at 12:23-13:2.)

7  Since Plaintiff's current breach of duty[11] and reckless indifference claims are based on the
8  same transactional nucleus of facts as alleged in the First Action, involve the same rights and
9  evidence, the Court finds them to be the same claim as those raised in the First Action.  Since those
10 claims have already been already been litigated on the merits, involve the same parties, and could
11 have been raised in the First Action, the Court **GRANTS** Defendants' motion to dismiss as to
12 Plaintiff's breach of duty and reckless indifference claims as to all Defendants.

13 **II.      Claims that Could Have Been Litigated in the First Action**

14 The Court now turns to Plaintiff's remaining claims in the current action: violation of FEHA
15 for discrimination; violation of California WARN Act; fraud; defamation; and wrongful termination.

16 **A.       FEHA Age and National Origin**

17 Plaintiff's current age and national origin discrimination claim[12] is against Sun for its alleged
18 violation of FEHA.  Plaintiff again bases his claim on the same transactional nucleus of facts that he
19 alleged in the First Action.  In the First Action, Plaintiff asserted national origin discrimination
20 claims against Turumella and Yeung and offers no reason why he could not have asserted a similar
21 claim against Sun.  Additionally, while Plaintiff did not assert an age discrimination claim in the
22 First Action, Plaintiff similarly offers no reason why he could not have asserted such a claim.  An
23 examination of the respective complaints from the two actions reveals that Plaintiff's claims are
24 based on the same factual circumstances surrounding his employment.  Accordingly, Plaintiff's age
25 and disability discrimination claims under FEHA are barred.  The Court **GRANTS** Defendants'

---

[11] The Court also notes that Plaintiff has failed to allege the elements of his breach of duty claims and therefore has failed to allege a prima facie case against each of the Defendants.

[12] Plaintiff's national origin and age discrimination claim is part of his first claim.

10

motion to dismiss as to Plaintiff's age and disability discrimination claims under FEHA.

**B.    California WARN Act**

Plaintiff's current California WARN Act claim against Sun[13] is based on the same transactional nucleus of facts as his federal WARN Act claim in the First Action. The only difference is that in the First Action, Plaintiff based his claim on federal law and now he asserts an identical claim under state law. Both statutes require 60 days notice, prior to a layoff, under certain circumstances. 29 U.S.C. § 2102(a); Cal. Lab. Code § 1400, et seq. After examining the respective claims in both actions, the Court finds that Plaintiff has offered no reason why he could not have asserted his current California WARN Act claim in the First Action. The Court also finds that Plaintiff has failed to sufficiently state a claim under the California WARN Act. Cal. Lab. Code § 1400 et seq. Accordingly, the Court **GRANTS** Defendants' motion to dismiss as to Plaintiff's California WARN Act claim.

**C.    Fraud**

Plaintiff claims that Sun fraudulently reported certain amounts of Plaintiff's income to the state and federal income tax authorities. (FAC, Current Action, ¶¶ 37(F), 38.) However, Plaintiff has failed to plead the elements of fraud or plead with the requisite particularity required by the heightened pleading standard. *See* Cal. Civ. Code § 1709; Fed. R. Civ. Proc. 9(b).

In support of his First Amended Complaint, Plaintiff has submitted a declaration indicating that his current fraud claim is based on Sun's act of reporting certain checks that Sun sent to Plaintiff as a result of his termination to the Internal Revenue Service and California Franchise Tax Board. (Plaintiff's Declaration No. 2 in Support of His First Amended Complaint, ¶ 5.) Defendants encourage the Court to consider the content of Plaintiff's declaration as evidence of what Plaintiff would allege if he were allowed to amend his First Amended Complaint. Defendants contend that Plaintiff's declaration reveals that at the time of the First Action, Plaintiff had knowledge that Sun had treated the amounts at issue as taxable income, and therefore the claim is barred by the doctrine of res judicata.

However, in the context of a Rule 12(b)(6), a court cannot consider material outside the

---

[13]Plaintiff's third claim is for violation of the California WARN Act.

11

1 complaint (e.g., facts presented in briefs, affidavits or discovery materials). *See* Hon. William W.
2 Schwarzer, et al., *Federal Civil Procedure Before Trial*, §§ 9:198, 9:211 (2006) (citing *Arpin v.*
3 *Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Beliveau v. Caras*, 873 F.
4 Supp. 1393, 1395 (C.D. Cal. 1995); *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D. Cal.
5 2005)). Therefore, the Court will not consider the content of Plaintiff's declaration as means of
6 defeating the current fraud claim. Accordingly, the Court **GRANTS** Defendants' motion to dismiss
7 as to Plaintiff's fraud claim **WITHOUT PREJUDICE**. Plaintiff shall have **LEAVE TO AMEND**
8 this claim within 30 days of the filing date of this Order.

### D. Defamation

10 Regarding Plaintiff's current defamation claim[14] against Sun, Plaintiff again, fails to
11 sufficiently allege the necessary elements to state a cause of action. *See Shively v. Bozanich*, 31 Cal.
12 4th 1230, 1242-43 (2003); Cal. Civ. Code §§ 45 and 46. Plaintiff also fails to provide any factual
13 basis for his current defamation claim, only to state, "Defamation of the Plaintiff in conjunction with
14 answering the DFEH." (FAC, Current Action, ¶ 37(B).) Plaintiff did not assert a defamation claim
15 in the First Action, however Plaintiff did allege that he "filed a complaint with the California
16 Department of Faire Employment and Housing ("DFEH"), the result of which is the attached Right-
17 to-Sue Notice." (FAC, First Action, ¶ 13.) Accordingly, the Court cannot determine as a matter of
18 law that Plaintiff was able to assert this claim in the First Action and therefore **GRANTS**
19 Defendants' motion to dismiss as to Plaintiff's fraud claim **WITHOUT PREJUDICE**. Plaintiff
20 shall have **LEAVE TO AMEND** this claim within 30 days of the filing date of this Order.

### E. Wrongful Termination

22 Plaintiff's current wrongful termination claims[15] also fail because the claims could have been
23 litigated in the First Action. Plaintiff's current wrongful termination claims allege "Wrongful
24 termination (by malicious act of the [individual Defendants], against public policy, against implied
25 contract, and against covenant of good faith and fair dealing.)" (FAC, Current Action, ¶ 37(G).)
26 Defendants contend that the operative facts underlying Plaintiff's wrongful discharge claims are

---

[14] Plaintiff's second claim is for defamation.

[15] Plaintiff's seventh claim is for wrongful termination.

12

1 transactionally related to the operative facts that were litigated in the First Action and cannot be
2 relitigated. A review of Plaintiff's FAC in the current action reveals that he alleges nearly identical
3 facts. Plaintiff fails to offer a reason why he could not have asserted these claims in the First Action.
4 For these reasons, Plaintiff's wrongful termination claims fail.

5 Plaintiff's wrongful termination claims fail for additional reasons. First, Plaintiff fails to
6 sufficiently allege a cause of action for wrongful termination in violation of public policy. *See*
7 *generally, Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 668-69 (1988). Second, Plaintiff's
8 claims for wrongful termination "against implied contract" and "against covenant of good faith and
9 fair dealing" also fail because the Court has already determined that Plaintiff was an at-will
10 employee and that Plaintiff had executed several employment-related documents confirming his
11 status as an at-will employee. (Order Granting Defendants' Motion for Summary Judgment, Case
12 No. C05-4087 MJJ, at 7:12-20.) As an at-will employee, Plaintiff cannot sufficiently allege
13 wrongful termination in breach of an implied contract or in breach of the implied covenant of good
14 faith and fair dealing. *Tomlinson v. Qualcomm*, 97 Cal. App. 4th 934, 944 (2002) (stating that
15 express at-will agreement precluded the existence of an implied contract) (citing *Slivinsky v.*
16 *Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 804-06 (1990); *Camp v. Jeffer, Mangels, Butler &*
17 *Marmaro*, 35 Cal. App. 4th 620, 630 (1995)). Accordingly, the Court **GRANTS** Defendants'
18 motion to dismiss as to Plaintiff's wrongful termination claims.

19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

The doctrine of claim preclusion is intended to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the initial suit.  With the exception of Plaintiff's fraud and defamation claims, each of Plaintiff's remaining claims were already litigated, or could have been litigated, in the First Action.  For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss as to those claims.  However, Plaintiff shall have **LEAVE TO AMEND** his claims for fraud and defamation.  Any amended claim for fraud or defamation shall be filed within 30 days of the filing date of this Order.

Dated: April 2, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE