IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSTAFA ARAM AZADPOUR, | No. C 06-3272 MJJ |
| Plaintiff, | **ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTIONS FOR LEAVE** |
| v. | |
| SUN MICROSYSTEMS, INC., | |
| Defendant. | |

## INTRODUCTION

Before the Court are pro se Plaintiff Mostafa Aram Azadpour's ("Plaintiff") Motions for Leave filed on April 17, 2007.[1] Plaintiff seeks leave to (1) Appeal this Court's Partial Grant of Defendant's Motion to Dismiss; (2) Dismiss his Defamation Cause of Action with Prejudice; and (3) File a Fraud Cause of Action in State Court. Defendant Sun Microsystems, Inc. ("Defendant") opposes Plaintiff's motions, except for Plaintiff's motion for leave to dismiss a cause of action with prejudice. For the following reasons, the Court **DENIES** in part and **GRANTS** in part Plaintiff's Motions for Leave.

On August 15, 2006, the Court ordered Plaintiff to seek leave before filing any further motions in a related case. The Order was in response to the voluminous number of motions and notices of motions filed by Plaintiff, many of which lacked grounding in applicable law and the adjudication of which resulted in the expenditure of considerable judicial resources. The Court will

---

[1] Docket No. 209.

address Plaintiff's requests in turn.

First, as best as the Court can discern, Plaintiff seeks leave to appeal this Court's grant of a partial dismissal within the context of an interlocutory appeal. The Ninth Circuit Court of Appeals only has jurisdiction over appeals from all "final decisions" of a district court. 28 U.S.C. § 1291. Ordinarily, an order dismissing the complaint only, without dismissal of the action, is not a final judgment and will not support jurisdiction under 28 U.S.C. § 1291. *California v. Harvier*, 700 F.2d 1217, 1218 (9th Cir. 1983), *cert. denied*, 464 U.S. 820 (1983). In order to certify an order for interlocutory appeal, the district court must find that (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The decision to certify lies within the sound discretion of the district court. *Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co.*, 162 F.R.D. 482, 489 (E.D. PA. 1995); *Brown v. City of Oneonta*, 916 F. Supp. 176, 180 (N.D. N.Y. 1996). In addition to the requirements set forth in section 1292(b), courts must keep in mind that section 1292(b) "is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir. 1959). Indeed, in *United States Rubber Co. v. Wright*, 359 F.2d 784 (9th Cir. 1966), the Ninth Circuit held that the legislative history of section 1292(b) indicates that it was to be used "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *Id.* at 785.

This Court dismissed all of Plaintiff's claims with prejudice, except his claims of defamation and fraud, based on the doctrine of res judicata. However, the Court gave Plaintiff thirty days to amend his fraud and defamation claims.[2] Consequently, a final judgment has not been entered for these two claims. Furthermore, an interlocutory appeal is inappropriate in this case because the dismissal of Plaintiff's claims based on the doctrine of res judicata is not a controlling question of law subject to substantial grounds for a difference of opinion. Further, an immediate appeal will not materially advance the ultimate termination of the litigation. Therefore, in the interest of avoiding

---

[2] A final judgment is necessary before a case becomes appealable; however, dismissal with leave to amend is not final. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997).

1 piecemeal litigation, the Court **DENIES** Plaintiff's Motion for Leave to appeal this Court's partial
2 dismissal of Plaintiff's claims.

3 Second, Plaintiff seeks leave to dismiss with prejudice his defamation cause of action against
4 Defendant Sun Microsystem, Inc.  Under Rule 41(a)(1), a plaintiff has an absolute right to
5 voluntarily dismiss his action prior to service by the defendant of an answer or a motion for
6 summary judgment.  *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Hamilton v.*
7 *Shearson-Lehman American Express*, 813 F.2d 1532, 1534 (9th Cir. 1987)).  The filing of a notice of
8 voluntary dismissal with the court automatically terminates the action as to the defendants who are
9 the subjects of the notice.  *Concha*, 62 F.2d at 1506.  Dismissal "'with prejudice' is an acceptable
10 form of shorthand for 'an adjudication upon the merits.'"  18 Wright and Miller, § 2373, at 396, n. 4.
11 *See also Goddard v. Security Title Insurance & Guarantee Co.*, 92 P.2d 804, 808 (1939) (stating that
12 a dismissal "with prejudice" evinces "the intention of the court to make the dismissal on the
13 merits.").  Although the Court dismissed Plaintiff's defamation cause with leave to amend,[3] Plaintiff
14 has notified the Court and Defendant of his desire to dismiss the defamation cause of action with
15 prejudice.  Defendant does not oppose Plaintiff's motion.  Therefore, the Court **GRANTS** Plaintiff's
16 Motion for Leave to Dismiss the defamation cause of action **WITH PREJUDICE**.

17 Third, Plaintiff seeks leave to file a fraud cause of action against Defendant in state court or,
18 in the alternative, fourteen days to file an amended complaint pertaining to his fraud claim.  After
19 considering the parties arguments, the Court **DENIES** Plaintiff's Motion for Leave to file a fraud
20 claim in state court.  Plaintiff's amended fraud claim, if any, shall be filed within thirty days of the
21 filing date of this Court's April 2, 2007 order.[4]

22 //
23 //
24 //
25 //
26 //

---

[3]*See* Docket No. 197.

[4]Docket No. 197.

3

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to appeal this Court's partial dismissal of Plaintiff's claims; **GRANTS** Plaintiff's Motion for Leave to dismiss his defamation claim with prejudice; and **DENIES** Plaintiff's Motion for Leave to file a claim for fraud in state court.

**IT IS SO ORDERED.**

Dated: April 25, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE