IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSTAFA ARAM AZADPOUR,<br><br>   Plaintiff,<br><br>  v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>   Defendant.<br> | No. C06-03272 MJJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

## INTRODUCTION

Before the Court are Defendants Sun Microsystems, Inc. ("Sun" or "SMI"), Matrix Absence Management, Inc. ("Matrix"), Babu Turumella ("Turumella"), and Norman Yeung's ("Yeung") (collectively, "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC").[1] Defendants argue that while Plaintiff's SAC alleges claims against all Defendants for constructive fraud under California Civil Code section 1573, the SAC explicitly denies that any other Defendant other than Sun engaged in conduct that could lead to liability for constructive fraud. Defendants also contend that Plaintiff's claims against Sun are not plead with the requisite particularity required by Federal Rules of Civil Procedure Rule 9(b), nor allege the requisite elements of section 1573. *Pro se* Plaintiff Mostafa Aram Azadpour ("Plaintiff") opposes the motion. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss on all claims.

---

[1] Docket No. 226.

**PROCEDURAL BACKGROUND**

**A. First Action**

Plaintiff first sued Defendants in state court in September 2005 for claims arising out of Sun's termination of Plaintiff's employment and his long term disability benefits under the company's ERISA plan. Defendants timely removed the first suit to this Court, and the Court denied Plaintiff's motion to remand the case on the ground that federal jurisdiction existed. On September 26, 2006, this Court granted Defendants' motion for summary judgment in the first case. *Azadpour v. Sun Microsystems, Inc., et al.*, Case No. C05- 4087 MJJ.

**B. Second Action**

Plaintiff then filed a second state court action against Defendants alleging similar claims and causes of actions, all of which were transactionally related to those in the first case. Again, Defendants successfully removed the second case to this Court, and the Court denied Plaintiff's motion to remand based on the existence of federal jurisdiction.

On October 2, 2006, Plaintiff filed his First Amended Complaint ("FAC"). In the FAC, Plaintiff, *inter alia*, alleged eight causes of action including claims for: negligence, fraud, defamation, breach of contract, and wrongful termination. On April 2, 2007, this Court granted Defendants' motion to dismiss based on the doctrines of collateral estoppel and *res judicata*. The Court dismissed all of Plaintiff's claims alleged in the FAC, but allowed Plaintiff leave to amend his fraud and defamation claim to properly plead the elements of fraud or defamation, and with respect to the fraud claim, to plead with the requisite particularity required by the heightened pleading standard. Plaintiff sought voluntary dismissal of his defamation cause of action against Sun which this Court granted.

Plaintiff then filed his Second Amended Complaint ("SAC") on April 30, 2007, which is the operative complaint before the Court. Plaintiff alleges one cause of action for constructive fraud in violation of California Civil Code section 1573 against Defendants Sun, Matrix, Turumella, and Yeung. Plaintiff contends that he incurred undue tax liability when Sun reported approximately $30,000 to the Internal Revenue Service, which he returned to the company uncashed following his layoff from Sun. Plaintiff further contends that upon discovering his W-2 form included the

1  amounts as taxable income he unsuccessfully attempted to seek redress from Sun.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## ANALYSIS

Defendants move to dismiss Plaintiff's SAC with prejudice, pursuant to Federal Rules of Civil Procedure 9(b), and 12(b)(6) on several grounds. Defendants argue that: 1) Plaintiff fails to allege that Defendants Matrix, Turumella, and Yeung engaged in wrongdoing with relation to the fraud claim; 2) Plaintiff fails to adequately plead fraud under Rule 9(b); and 3) Plaintiff fails to adequately allege the elements of constructive fraud against Sun.

### A. Plaintiff's Fraud Claims Against Matrix, Turumella and Yeung

Defendants contend that Plaintiff cannot sustain an action against Defendants Matrix, Turumella and Yeung because Plaintiff admits in his SAC that these Defendants engaged in no wrongdoing and caused him no damages. The Court agrees.

Courts are particularly liberal in construing "inartful pleading" by *pro se* parties. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980). But allegations in a complaint are binding and a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *Jackon v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995).

Here, in referencing these Defendants, Plaintiff explicitly states in his SAC that:

3

1  "I, the above named Plaintiff, allege nothing against [Matrix, Turumella, and Yeung] in relation to SMI's allegedly

fraudulent reporting of an income I never accepted from SMI.
. . .
[They] caused me no damage/harm in relation to the said, alleged, SMI's fraudulent income reporting."

(SAC at 11:243-270.)

By expressly acknowledging that he is not asserting any liability against Matrix, Turumella, or Yeung with respect to his fraud claim and denying that these Defendants caused him any harm, Plaintiff concedes he cannot state a claim against these Defendants. Because these deficiencies cannot be cured by amendment,[2] the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiff's fraud claim against Defendants Matrix, Turumella, and Yeung.

### B. Plaintiff's Fraud Claim Against Sun

Defendants next contend that, despite being provided with several opportunities to amend his pleading and state a viable fraud claim, Plaintiff fails to plead the facts with sufficient particularity under Rule 9(b) and that Plaintiff also fails to plead the essential elements of constructive fraud against Sun.

#### 1. Rule 9(b)

Defendants insist that Plaintiff must comply with the heightened pleading requirements of Rule 9(b). Rule 9(b) states, "[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The particularity requirement of Rule 9(b) is designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). Furthermore, included within this pleading mandate is the requirement that a fraud claim specifically

---

[2] Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as "false and sham." **Hon. William W. Schwarzer, et al.,** *Federal Civil Procedure Before Trial***, § 9:223.5 (2006), citing** *Bradley v. Chiron Corp.,* **136 F.3d 1317, 1324 (9th Circ.1998) (A trial judge has the authority to strike pleadings that are "false and sham");** *Ellingson v. Burlington Northern, Inc.,* **653 F.2d 1327, 1329-30 (9th Cir.1981) (Based on FRCP Rule 11).** *See also Reddy v. Litton Industries, Inc.***, 912 F.2d 291, 296 (9th Cir.1990) (grant of leave to amend is grounded on expectation of facts reasonably consistent with those already pled).**

4

identify when the alleged wrongdoing took place. *See Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994) (Rule 9(b) requires . . . pleading facts that by any definition are "evidentiary", including "time. . .."); *Foley v. Bates*, 007 WL 1430096, at *11 (N.D. Cal. 2007) (holding that where Plaintiff's fraud allegations fail to describe when allegedly fraudulent statements were made, "the complaint fails to coherently plead the required elements" of fraud.)

Here, Defendants point to the fact that in his SAC, Plaintiff fails to include information on when the alleged fraud occurred. In his response, Plaintiff contends that it is the Defendants' burden to show that this information would have been known to Plaintiff. Furthermore, Plaintiff avers that the time he became aware of the erroneous W-2 reporting are properly alleged in his complaint. The Court disagrees.

In his SAC, Plaintiff states that:

"[T]he W-2 SMI had reported on my behalf to the State and Federal authorities, for 2004 and 2005, were incorrect.
. . .
SMI misrepresented to the California Franchise Tax Board ("FTB") and the Federal Internal Revenue Service ("IRS") by reporting that I had gotten an income from SMI and that SMI withheld taxes on that fictitious income."

(*See* SAC, 8: 170-174.)

Plaintiff makes no mention of a specific time or time frame when Sun's alleged fraud occurred. Because Plaintiff's complaint merely asserts an allegation of fraud and does not sufficiently assert facts regarding the time period Sun allegedly misinformed the IRS about his tax liability, Plaintiff's complaint does not sufficiently establish a particular instance of fraudulent conduct. Therefore, Plaintiff fails to state a proper claim of fraud against Sun. For this reason, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiff's fraud claim against Sun.

### 2. Fraud

Plaintiff also fails to allege the requisite elements of fraud. In his SAC, Plaintiff alleges Sun engaged in constructive fraud under California Civil Code section 1573. Section 1573 defines constructive fraud as: "any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, . . . any such act or omission as the

law specially declares to be fraudulent, without respect to actual fraud." Courts have summarized the elements of a cause of action for constructive as: (1) a fiduciary relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury (causation). *Younan v. Equifax Inc.,* 111 Cal. App. 3d 498, 517 fn. 14 (1980); *General American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1126 (N.D. Cal. 1991).

Defendants suggest that an essential element of a constructive fraud claim is that there be some "advantage" to the alleged wrongdoer, and Plaintiff's complaint fails to plead the existence of any advantage to Sun. While a claim need not state some advantage to the alleged wrongdoer as Defendant contends, Plaintiff has nevertheless failed to plead the requisite elements under section 1573. For this additional reason, the Court **GRANTS** Defendants' Motion to Dismiss as to Plaintiff's fraud claim against Sun.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss in its entirety. Because Plaintiff has now had three opportunities to amend his Complaint, the Court **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: July 22, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

6